TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Devery Stanton

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devery Stanton, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Global Credit & Collection Corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Jonathan Davies (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Global Credit & Collection Corporation (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Chandler, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is a business entity located in Chicago, Illinois, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.    At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.    At all times mentioned herein, Plaintiff's cellular telephone (480-XXX-2774) (hereafter "Phone") was used primarily for work, and persons other than Plaintiff had access to the phone and to any voicemails left on the Phone's answering system.

12.    Whenever Plaintiff's Phone went unanswered, the person calling was met with a standard automated greeting, identifying only the number that was dialed, not the identity of the person being called.

13.    On April 7, 2016, Defendant called Plaintiff's Phone and left a voice message on the automated answering system.

14.    Defendant's voicemail stated that Defendant was calling in an attempt to collect a debt from Plaintiff.

15.     Plaintiff's co-worker listened to the voicemail and learned that Defendant was seeking to collect a debt from Plaintiff.

16.     Defendant's careless actions caused Plaintiff to suffer a significant amount of anxiety and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20.     Defendant communicated with a person other than Plaintiff and stated that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2).

21.     Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

22.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

23.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D.  Punitive damages; and

E.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  October 13, 2016                    TRINETTE G. KENT

                                             By:   /s/  Trinette G. Kent
                                             Trinette G. Kent, Esq.
                                             Lemberg Law, LLC
                                             Attorney for Plaintiff, Deverly Stanton